Hall, J.
1. Under the evidence in this case, the plaintiff was entitled to recover something for the indignity put upon him by the opprobrious language used and by the assault'and battery inflicted by at-least one of the employees of the company while he was in its care, and entitled to its protection as a passenger in its cars, it appearing that in the encounter, out of which the action grew, the company’s brakeman was the aggressor, and that he had no right, under the regulations of the road, to refuse to let the plaintiff pass from the ladies’ car to the other car, it being undisputed that this was allowed even when the'train was. in motion, whenever it was required by a necessary occasion or whenever the passenger saw proper to do so, either for his convenience or pleasure.
2. Although there was no loss of time and no hindrance of the' plaintiff in the pursuit of his business, and although there was no considerable amount of physical suffering occasioned him, yet he was subjected to indignity, his feelings were outraged’and he was degraded in the eyes of his fellow-passengers by being assailed with coarse and vituperative language and blows by at least one of those who owed him protection and kind and hospitable treatment. In suph a case general or exemplary damages was the only compensation he could recove'r for this violation of his rights, and the measure of such damages is referred by express law to the enlightened conscience of an impartial jury. In this case it does not appear that the finding was so excessive or exorbitant as to show that the jury were biased in favor of the plaintiff or against the defendant; or that they misconceived their power or departed from their duties. 68 Ga., 219, 224 and cit.; 72 Id., 292 (in press).
Judgment affirmed.